UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-242--RJC

| JERRY JEROME HARRIS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| MEDICAL STAFF OF MARION CORRECTIONAL INSTITUTION et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on the Plaintiff's Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

I.  FACTUAL AND PROCEDURAL BACKGROUND

In his Complaint, filed June 10, 2001, Plaintiff alleges that between August and November 2010, while housed at Marion Correctional Institution, Marion Medical Staff, Nurse Midford (FNU) and Nurse Chapman (FNU) ("Marion Defendants") failed to: (1) adequately monitor his elevated blood pressure; (2) provide him with "non-aspirin" when he reported a bad headache; (3) respond to his request for treatment of his dry skin and; (4) promptly change his prescription when requested. (Doc. No. 1 at 6-8). Additionally, Plaintiff alleges that since being transferred to Tabor City Correctional Institution, the Medical Staff of Tabor City and Nurse Theresa Greeer or Gorein[1] ("Tabor City Defendants") "havent been monitering blood pressure

---

[1] Plaintiff's Complaint indicates that he is unsure whether the Defendant's surname is Greeer or Gorein.

1

like they should I've been here 3 months and I can count on one hand how many times they have check my blood pressure." (Id. at 9). Plaintiff also contends that he has been overcharged for his sick visits while at Tabor City Correctional Institutional. (Id.).

## II. LEGAL STANDARD

Section 1983 provides a remedy for the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of state law. 42 U.S.C. § 1983 (2006); see Maine v. Thibotout, 448 U.S. 1 (1980) (holding that § 1983 encompasses claims against state actors for violations of both federal statutory and constitutional rights); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (establishing that a right must be "unambiguously conferred" by a federal statute to support a § 1983 claim).

Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof. 28 U.S.C. § 1915A(b)(1). The Court's initial review of a *pro se* complaint in a proceeding must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that a *pro se* complaint, "however inartfully pleaded," must be "held to a less stringent standard than formal pleadings drafted by lawyers"). The Court has conducted an initial review of Plaintiff's Complaint and has determined that certain claims must be dismissed because they are not cognizable under § 1983. As to the remaining claims, the Court will dismiss without prejudice to be refiled in the appropriate federal court.

## III. DISCUSSION

Deliberate indifference by prison officials to an inmate's serious medical needs is actionable under § 1983 as constituting cruel and unusual punishment in violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Johnson v. Quinones, 145

F.3d 164, 167 (4th Cir. 1998). To establish that prison personnel's actions constitute deliberate indifference to an inmate's serious medical needs, treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Furthermore, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also, Miltier, 896 F.2d at 851 ( "Deliberate indifference may be demonstrated by either actual intent or reckless disregard.[2]"). A complaint that alleges negligent medical treatment does not constitute a claim of medical mistreatment under the Eighth Amendment. See Estell, 492 U.S. at 105; Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1984). As such, a plaintiff must establish that the defendant was aware of facts showing a substantial risk of harm and also drew the inference that a substantial risk of harm existed. See Johnson, 145 F.3d at 167. Applying the above law to Plaintiff's allegations, Plaintiff has not met his burden in stating a deliberate indifference claim.

A.  **Marion Defendants**

Plaintiff first alleges that the Marion Defendants failed to provide him with a "non-aspirin" on August 9, 2010 when he complained of a bad headache. (Doc. No. 1 at 6). He declared a medical emergency and was up all night waiting for the nurse to come see him. (Id.) He contends that the medical staff's failure to declare a medical emergency when he requested that they do so amounts to neglect. (Id.). Next, Plaintiff explains one occasion when he filled out a sick call request and it took over a week to be seen by medical staff, he alleges that the

---

[2]A defendant acts recklessly by disregarding a substantial risk of danger that is either known to him or which would be apparent to a reasonable person in his position. See Miltier, 896 F.2d at 852-53.

3

delay amounts to malpractice. (Id. at 7). Plaintiff also states that he filled out a medicine refill form on October 8, 2010, requesting that his medicine be changed because the previous medication caused him to have diarrhea. (Id.). As of November 4, 2010, he had not received the new medication. (Id.). On November 4, 2010, Plaintiff states that he took Tylenol for his headache; however, because it failed to alleviate his pain. He declared a medical emergency sometime between 7 and 8 p.m., and he still had not been seen by 1 a.m. (Id.). Lastly, Plaintiff contends that he "filled out numerous sick calls about [his] skin being dry and irretated [sic] and they ignored [him]. (Id. at 8). Plaintiff, however, concedes that he was seen regarding his dry skin on October 18, 2010. (Id. at 8).

A review of the responses to Plaintiff's grievances reveal that on at least five separate occasions in November and at least twice in December, blood pressure readings were taken from Plaintiff. (Doc. No. 1-1 at 15). Plaintiff does not dispute the response and also concedes that his blood pressure was checked on October 1 or 2 and 13, 2010. (Doc. No. 1 at 7-8). The grievance response, dated January 14, 2011, reports that medical staff addressed Plaintiff's issues regarding his blood pressure and his skin condition on several occasions and recommended that Plaintiff continue taking the prescribed medications and working with the medical staff. (Doc. No. 1-1 at 6). Also the grievance response, dated January 19, 2011, indicated that Plaintiff was issued medication on November 23, 2010 and that another medication had been approved for him. Plaintiff was encouraged to follow medical directives and follow up with medical if he had further concerns. (Doc. No. 1-1 at 15).

Plaintiff seems to be complaining about not receiving timely treatment, not that he has not received any treatment. At most, Plaintiff's Complaint states a claim under state law for negligence or medical malpractice or amounts to a disagreement with the medical staff regarding

4

the extent or quality of his care. However, malpractice or negligence in diagnosis or treatment does not state a constitutional claim. See Estelle, 429 U.S. at 105-06 (1976); Johnson, 145 F.3d at 168. Further, disagreements between an inmate and medical staff regarding proper medical care do not state a claim for relief. Wright, 766 F.2d at 849. Therefore, Plaintiff's Complaint against the Marion Defendants is dismissed for failure to state a claim for relief.

### B. Tabor City Defendants

With respect to the Tabor City Defendants, Plaintiff contends that they are not properly monitoring his blood pressure and he is being overcharged for his medical visits. (Doc. No. 1 at 9; Doc No. 1-1 at 17-18). Venue in a civil action based upon a federal question, alleged violations of an inmate's constitutional rights in this case, is proper in : (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. § 1391(b).

Here, Plaintiff complains of incidents that occurred at Marion Correctional Institution, which is located within the Western District of North Carolina, and incidents that occurred at Tabor City Correctional Institution, which is located within the Eastern District of North Carolina. Pursuant to the initial review conducted by this Court, the claims against the Defendants employed at Marion Correctional Institution are dismissed for failure to state a claim for relief. Consequently, because the only remaining claims are against Defendants who are employed at Tabor City Correctional Institution, which is not situated within this Court's judicial district, this Court will not entertain the merits of those claims and will dismiss the claims

against the Tabor City Defendants without prejudice to be refiled in the appropriate federal court.[3]

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's claims against Marion Correction Medical Staff, Nurse Midford and Nurse Chapman are dismissed for failure to state a claim for relief;

2. Plaintiff's claims against Tabor City Correctional Medical Staff and Nurse Greer or Gorein are dismissed without prejudice to refile in the appropriate federal court.

Signed: August 30, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

---

[3] The Court notes that it appears from the grievances and responses attached to Plaintiff's Complaint, that with respect to his Tabor City claims, Plaintiff has only exhausted his retaliation claim and not his deliberate indifference claim or his claims regarding overcharging.